UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY BRYANT,

     Petitioner,

v.                                                                    Case No.  3:14cv489/MCR/CJK

CHARLES MAIORANA,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

     Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, with supporting memorandum and exhibits.  (Doc. 1).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).   After careful consideration, the undersigned concludes that the petition should be dismissed for lack of jurisdiction because petitioner is not "in custody" in the State of Florida, as required for subject matter jurisdiction to attach.

## BACKGROUND AND PROCEDURAL HISTORY

     Petitioner is an inmate of the Federal Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.  (Doc. 1, p. 1).  Petitioner is serving a 78-month term of imprisonment imposed by the Northern District of Florida on September 28, 2010.  (Doc. 1-2, p. 1; Doc. 1-3 p. 1). In this habeas proceeding, petitioner states he is challenging a "detainer" lodged against him by the State of Florida pursuant to a probable cause warrant (No. 10WAR002079) obtained by the Escambia County Sheriff's Office ("ECSO") on charges of grand theft and dealing in stolen property.  (Doc. 1 p. 4; Doc. 1-2, p. 1).

Petitioner asserts "the detainer must be dismissed where the State of Florida has taken more than 180-days to have disposed of the charges." (Doc. 1, p. 5).

The exhibits attached to the petition demonstrate that on June 16, 2011, the BOP sent a Detainer Action letter to the ECSO indicating it received a report petitioner was a wanted person by the ECSO. The BOP's letter advised:

> If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer. If you have no further interest in the subject, please forward a letter indicating so.

(Doc. 1-3, p. 4). In response, the ECSO confirmed that it had an active arrest warrant for petitioner, but indicated it did not wish to place a detainer on petitioner until closer to his scheduled release date of April 8, 2016. (Doc. 1-3, p. 5). The ECSO also requested notification 60 days prior to petitioner's release. (*Id.*).

Petitioner attempted to resolve the prospective charges by submitting a Demand for Disposition to the clerk of the Escambia County Circuit Court on December 21, 2012 (doc. 1-3, pp. 6, 8), a Demand for Speedy Trial to the State Attorney's Office on December 22, 2012 (doc. 1-3 p. 7), and a Motion to Dismiss Pursuant to the Mandatory Disposition of Detainer's Act and Interstate Agreement on Detainers to the Escambia County Circuit Clerk's office on August 5, 2013 (doc. 1-3, p. 11). In his Demand for Disposition, petitioner complained that "the Sheriff of Escambia County has refused to file a detainer." (Doc. 1-3, p. 8). After receiving no response, petitioner filed this § 2241 petition seeking dismissal of the charges referenced in the warrant. (Doc. 1-2).

### DISCUSSION

Under 28 U.S.C. § 2241(c)(3), "the writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States."  This statutory language has been interpreted "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).  The requirement that a petitioner be "in custody" is jurisdictional.  *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 402-03 (11th Cir. 1988).  For a petitioner to be in "custody," the authority against whom relief is sought must "exercise some control over the petitioner."  *Id.* at 403.

Here, the petition must be dismissed for lack of subject matter jurisdiction because petitioner does not satisfy the "in custody" requirement of § 2241.  The exhibits attached to the petition demonstrate that the State of Florida has issued an arrest warrant for petitioner, but has not charged him or lodged a detainer against him. (Doc. 1-3, pp. 3, 5).  In the absence of a detainer, the issuance of a warrant, alone, is insufficient to satisfy the "in custody" requirement for purposes of federal habeas jurisdiction.  *See Stacey*, 854 F.2d at 402-03 (directing district court to determine whether State of Alabama had lodged detainer against habeas petitioner (a fugitive from justice in Alabama) and directing that if detainer had not been lodged, district court "must dismiss the petition without prejudice for lack of subject matter jurisdiction" because petitioner could not be considered "in custody" in Alabama); *Daker v. Baker*, 263 F. App'x 809, 812 (11th Cir. 2008) (holding that a dead-docketed indictment, without a detainer, does not place a federal habeas petitioner "in custody" for purposes of 28 U.S.C. § 2241); *Bancroft v. Massachusetts*, 525 F. Supp.

2d 237, 242 (D. Mass. 2007) (holding that habeas petitioner, who was in prison in Virginia, was not "in custody" on Massachusetts indictment for purposes of 28 U.S.C. § 2241(b)(3) where Massachusetts had not issued a detainer with Virginia authorities); *cf. Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 and n.4, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (recognizing that a federal habeas petitioner may satisfy the "in custody" requirement if he is under the control of an indictment accompanied by a detainer, but declining to decide whether a petitioner would satisfy the "in custody" requirement if no detainer had been lodged).

Accordingly, it is respectfully RECOMMENDED:

1.   That petitioner's § 2241 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2.   That the Clerk be directed to close the file.

At Pensacola, Florida this 25th day of September, 2014.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).